BAILES, Judge.
The sole question presented for our determination in this appeal is the sufficiency of the award of damages to plaintiffs.
The plaintiff was injured in a two-car collision which was caused by the negligence of the driver of the insured vehicle. The trial court awarded judgment in favor of plaintiff, V. Jack Guidry, in the amount of $135 for past medical expenses, and in favor of Mrs. Beryl B. Guidry in the amount of $4,000, of which amount the sum of $1500 was attributed to the anxiety and mental pain suffered by Mrs. Guidry for the well-being of her unborn child, she being five months pregnant at the time of the accident. The balance of the award was for pain and suffering for the physical injuries and for disfigurement caused by scars resulting from lacerations on her face and leg. There is no question of liability on the part of the defendants for the damages.
Plaintiffs have assigned two specifications of error of the trial court. Plaintiff-husband contends that the trial court erred in not awarding him the sum of $800 to cover the expense of future plastic surgery on his wife, and Mrs. Guidry complains that the award of damages to her was inadequate for her pain and suffering and for disfigurement.
We find the trial court was correct in not allowing recovery for the estimated cost of plastic surgery for the reason that the plastic surgeon testified that he did not believe plastic surgery would improve the appearance of the scars, and for the further reason that Mrs. Guidry did not testify that she intended to have the surgery performed. Therefore, we find no error in the trial court’s refusal to award the plaintiff-husband the estimated cost of plastic surgery.
The record reveals that Mrs. Guid-ry initially had multiple disfiguring scars on her face and on her right leg. At the time of the trial, Dr. Vincent, the plastic surgeon, testified that all the scars had virtually disappeared except two scars on the forehead and the scar on the leg. The doctor described the scar on the leg as being nine centimeters in length by one centimeter in width, and that of the scars on the forehead one was two and one-half centimeters long extending from the hairline downward to the eyebrow, and medially to this scar there is another one about two centimeters long.
The trial judge observed this young lady in court and was in a much better position to make an assessment of the disfigurement than we are. He saw her in person. All we have to go on is a small photograph of her face. We find nothing in this record which indicates to us that the trial court committed manifest error in its award. We conclude that the award was fair and adequate and does justice between the parties.
For the foregoing reasons, the judgment appealed from is affirmed at appellants’ cost.
Affirmed.